1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KUAN-MING HUANG,

             Petitioner,

    v.

KING COUNTY DISTRICT COURT,

             Respondent.

No. CV06-1281 MJP

ORDER ON REPORT AND
RECOMMENDATION

This matter comes before the Court on a report and recommendation by the Honorable Mary Alice Theiler, United States Magistrate Judge, regarding Petitioner Kuan-Ming Huang's petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Having reviewed the report and recommendation, Petitioner's objections, and the balance of the record, the Court finds and ORDERS as follows:

(1)      The Court agrees with Judge Theiler's recommendation that the habeas petition should be dismissed with prejudice.  Petitioner challenges the constitutionality of Washington's DUI statute which provides for a mandatory one day enhancement to the defendant's sentence upon conviction if the defendant refuses to submit to a blood alcohol concentration ("BAC") test.  However, as Judge Theiler noted, Petitioner fails to demonstrate that the state court decision rejecting his grounds for relief was contrary to, or involved an unreasonable application of, clearly established federal law, as

ORDER - 1

1   determined by the Supreme Court of the United States.  As a result, the petition is subject to dismissal

2   with prejudice under 28 U.S.C. § 2254(d).

3   (2)     In his objections, Petitioner raises the same arguments that he raised before Judge Theiler and

4   at each stage of his case through the Washington state court system.  Petitioner's only new argument

5   is an attempt to distinguish Judge Theiler's analysis of the Supreme Court's holding in  <u>Bordenkircher</u>

6   <u>v. Hayes</u>, 434 U.S. 357 (1978).  Petitioner challenges Judge Theiler's reliance on <u>Bordenkircher</u> on

7   two grounds.

8          First, Petitioner argues that although the <u>Bordenkircher</u> Court held that there is no

9   prosecutorial vindictiveness if the accused is free to accept or reject the prosecution's plea offer, that

10  rule does not apply in this case because Petitioner did not "reject" but rather "accepted" the

11  government's offer to exercise his right to refuse to take the BAC test.  <u>See</u> <u>Doyle v. Ohio</u>, 426 U.S.

12  610 (1976) (holding that the due process clause prohibits a prosecutor from using a defendant's

13  silence to impeach his testimony at trial after the defendant has invoked his right to remain silent

14  pursuant to a <u>Miranda</u> warning).  However, the right to refuse a BAC test is not a right of

15  constitutional magnitude, such as the right to remain silent discussed in <u>Doyle</u>, but rather a matter of

16  legislative grace.  Consequently, the scope of the rule in <u>Bordenkircher</u> encompasses Petitioner's

17  acceptance or rejection of the right to refuse the BAC test.

18         Second, Petitioner argues that unlike the suspect in <u>Bordenkircher</u>, who was threatened with

19  further indictments if he did not plead guilty, Petitioner was never threatened with further punishment

20  if he did not take the BAC test.  Therefore, Petitioner argues that his sentence enhancement was unfair

21  because he was not put on notice that his refusal to submit to the BAC test might subject him to

22  further consequences.  However, Petitioner was warned that his refusal could be used against him at

23  trial and could result in a longer suspension of his driver license.  The Supreme Court has held that as

24  long as the suspect receives some warning, the suspect is on notice that refusing the test is not a "safe

25  harbor," free of adverse consequences.  <u>South Dakota v. Neville</u>, 459 U.S. 553, 565-66 (1983).  Once

ORDER - 2

1    the suspect is put on notice, the suspect cannot claim that the warning implicitly assured him that no

2    consequences other than those mentioned would occur.  Id.  Similarly, the warnings Petitioner

3    received put him on notice that additional consequences beyond those listed in the warning could

4    result from his refusal to take the BAC test.

5    (3)      For the reasons stated above, and because the Court finds that the report and recommendation

6    has addressed and disposed of all of the remaining arguments Petitioner raises in his objections, the

7    Court ADOPTS the report and recommendation by Judge Theiler.  Petitioner's habeas petition under

8    28 U.S.C. § 2254 is DENIED and this case is DISMISSED with prejudice.

9    (4)      The Clerk is directed to send copies of this order to all counsel of record, and to the Honorable

10   Mary Alice Theiler.

11          Dated:   March 19, 2007.

12

13                                                      s/Marsha J. Pechman
                                                        Marsha J. Pechman
14                                                      United States District Judge

15

16

17

18

19

20

21

22

23

24

25

ORDER - 3