UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KUAN-MING HUANG,

    Petitioner,

  v.

KING COUNTY DISTRICT COURT,

    Respondent.

No. C06-1281MJP

ORDER ON PETITION FOR
CERTIFICATE OF APPEALABILITY

    Petitioner Kuan-Ming Huang has filed a notice of appeal of the Court's dismissal of his habeas petition (Dkt No. 17), which the Clerk has construed a petition for a certificate of appealability under 28 U.S.C. § 2253. (Dkt. No. 20). Having reviewed the materials submitted by the parties, the Court DENIES Petitioner's request for a certificate of appealability for the reasons stated below.

    As a threshold matter, Respondent argues that Petitioner's habeas petition is moot because he completed his jail sentence after the Court dismissed his habeas petition. However, Respondent acknowledges that a habeas petition challenging a conviction is not rendered moot by a petitioner's release from incarceration as long as the fact of conviction carries collateral consequences. See Response at 4 (citing Spencer v. Kemna, 523 U.S. 1, 7 (1998)). Although Respondent suggests that there would be no collateral consequences in this case, the Ninth Circuit has held that there is an "irrefutable presumption that collateral consequences result from any criminal conviction." Chaker v.

ORDER - 1

1  Crogan, 428 F.3d 1215, 1219 (9th Cir. 2005).  As a result, the Court does not find that a certificate of
2  appealability should be denied on mootness grounds.

3  However, 28 U.S.C. § 2253(c)(2) provides that a certificate of appealability may issue "only if
4  the applicant has made a substantial showing of the denial of a constitutional right."  Under this
5  standard, the petitioner "must demonstrate that reasonable jurists would find the district court's
6  assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484
7  (2000).  In considering this question, it should be noted that Petitioner is seeking habeas relief on the
8  grounds that his state court conviction "resulted in a decision that was contrary to, or involved an
9  unreasonable application of, clearly established Federal law, as determined by the Supreme Court of
10 the United States."  Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting 28 U.S.C. § 2254(d)(1)).

11 For the reasons stated in Judge Theiler's report and recommendation and in the Court's order
12 adopting the report and recommendation, the Court held that Petitioner's state court conviction did
13 not result in a decision that was contrary to, or involved an unreasonable application of, clearly
14 established Supreme Court law.  On the record before it, the Court finds that Petitioner has not
15 demonstrated that reasonable jurists would find that the Court's assessment of his constitutional claims
16 were debatable or wrong.  Therefore, the Court denies his request for a certificate of appealability.

17 The Clerk is directed to send copies of this order to all counsel of record.

18 Dated: May 15, 2007.

s/Marsha J. Pechman
Marsha J. Pechman
United States District Judge

ORDER - 2